UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Manuel Smith, III, | Case No. 20-cv-2533 (JRT/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| City of Moorhead, et al., | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff Manuel Smith's Application to Proceed in District Court Without Prepaying Fees or Costs. [Docket No. 2].

For the reasons discussed herein, the undersigned recommends that this matter be **DISMISSED without prejudice**, and it is further recommended that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 2], be **DENIED as moot**.

I.      Background

Plaintiff filed his pro se Complaint on December 14, 2020. (See, Compl., [Docket No. 1], at 1). The caption of Plaintiff's Complaint names as Defendants the City of Moorhead, "Mayor Johnathan Judd," the "Moorhead Police Department," Shannon Monroe, "Officer Secord," "Officer Johnson," the "Clay County Commissioners," Jim Haney, the "Clay County Fraud Investigations," Adam Krabbenhoft, Jim Backlund, Clay County Social Services, and Barbara Achilles. (See, Id.). While not listed in the caption, Plaintiff refers to several other people and entities as Defendants when discussing this action's parties—these are Brian Melton, various John Doe Defendants, the "Clay County Public Defender's Office," and Kenneth Kludt who Plaintiff

alleges is associated with "Clay County Public Defender's Office." (See, Id. at 2–3). For present purposes, the Court will assume that Plaintiff intended to include all of these individuals and entities as Defendants in this action.

Plaintiff alleges, he was a resident of the City of Moorhead (which lies in Clay County) at all times relevant to the present Complaint. (See, Id. at 2).[1] Most of the Complaint focuses on a 2019 prosecution of Plaintiff by Clay County authorities. (See, Id. at 3–6).

For purposes of Claims One, Two and Four, the Complaint provides as follows. According to the allegations in Plaintiff's Complaint, Plaintiff submitted an income-verification form to a prospective employer in 2017, and the income reported on that form was reported to Clay County Social Services. (See, Id. at 3). Two years later, authorities prosecuted him in Clay County court for "wrongfully obtaining assistance." (Id.) (capitalization amended). At arraignment in his state court criminal prosecution, Plaintiff was defended by Kenneth Kludt, who Plaintiff alleges is associated with the "Clay County Public Defender's Office." (Id.). Plaintiff alleges that he and the State reached a deal in which the State would stay adjudication of the wrongful-assistance charge if Plaintiff paid restitution in full. (See, Id. at 4).

Plaintiff alleges that, despite this agreement, "[d]uring the entire year of 2019, [he] was in-and-out of court, for no logical reason." (Id.) He states that his court dates were repeatedly changed, leading to several times when he missed scheduled appearances and courts issued warrants for his arrest. (See, Id.). Without any specific factual allegations for context, Plaintiff also claims that he was "incarcerated 6 days" because Defendant Kludt "never contested" a "lack of probable cause," and Defendant Kludt did not "file any motions on [Plaintiff's] behalf." (Id.).

---

[1] Plaintiff informed the Court in February 2021, that he had then-recently moved to Fargo, North Dakota. (See Not. of Change of Address [Docket No. 8]).

After presenting these allegations, Plaintiff purports to bring four claims. Three straightforwardly refer to his 2019 "wrongfully obtaining assistance" prosecution. First, Plaintiff suggests that he was deprived of unspecified constitutional rights by "Clay County Fraud Investigations." (Id.). Second, he alleges that he was maliciously prosecuted by Clay County Fraud Investigations. (See, Id.). Third, he claims that the "Clay County Public Defender's Office" and Defendant Kludt committed malpractice by "negligently, improperly, and unskillfully" failing to challenge "lack of probable cause" and failing to properly inform Plaintiff of his court dates. Id. at 5.

As for Claim Three of the Complaint, Plaintiff appears to be based on entirely separate allegations. (See, Id. at 5).[2] According to the allegations in this claim, sometime in 2012, Plaintiff made some sort of unspecified complaint about various unspecified officials in either the City of Moorhead, Clay County, or both. (See, Id.). Since then, Plaintiff asserts he has apparently been stopped seven times by Moorhead police officers "as a result of retaliation." (Id.). Plaintiff specifically lists two stops—one in November 2019, another in February 2020—that allegedly violated his constitutional rights. (See, Id.). Plaintiff alleges that Defendants "Officer Secord" and "Officer Johnson" were involved in one or more of the stops, and that Defendant Johnathan Judd (Moorhead's mayor) "failed to properly supervise or discipline" officers involved in the stops. (Id.).

For relief as to all of his claims, Plaintiff asks for compensatory damages, punitive damages, and "costs and interests." (Id. at 6).

---

[2] Because, as discussed below, the Court recommends dismissing the Complaint, the Court need not—and so does not—consider whether Plaintiff's Third Claim is properly joined with the Complaint's other claims.

II.     Analysis

Plaintiff did not pay this action's filing fee; he elected instead to apply to proceed in forma pauperis (hereinafter "IFP"). (See, IFP Application [Docket No. 2]). After reviewing the IFP Application, the Court finds that Plaintiff qualifies financially for IFP status. But a court will deny an IFP application—and dismiss an action or any portion thereof—when the IFP applicant's complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see, e.g., Bonczek v. Bd. of Trustees Nat'l Roofing Indus. Pension Plan, No. 14-cv-3768 (JRT/LIB), 2015 WL 1897837, at *4 (D. Minn. Apr. 23, 2015) (dismissing portion of action under § 1915(e)(2)(B)); Abduljabbar v. Minn. Dep't of Transp., No. 14-cv-3583 (ADM/JSM), 2014 WL 7476513, at *4 (D. Minn. Nov. 5, 2014) (same), report and recommendation adopted, 2015 WL 75255 (D. Minn. Jan. 6, 2015).

A case is frivolous when "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); see, Day v. Minnesota, No. 19-cv-0496 (WMW/LIB), 2019 WL 3371132, at *2 (D. Minn. July 26, 2019) (quoting Neitzke). When a complaint lacks any allegations explaining what a given defendant did that generates legal liability, the complaint lacks an arguable basis in fact as to that defendant. See, e.g., Radabaugh v. Corp. Tr. Co., No. 17-cv-1559 (JRT/BRT), 2017 WL 8944024, at *4 (D. Minn. May 22, 2017), report and recommendation adopted, 2017 WL 4023102 (D. Minn. Sept. 13, 2017).

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the complaint's factual allegations and draw all reasonable inferences in plaintiff's favor. See, e.g., Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). The complaint's factual allegations need not be detailed, but it must be sufficient to "raise a right to

4

relief above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." <u>Id.</u> at 570. In assessing a complaint's sufficiency, a court may disregard legal conclusions that are couched as factual allegations. <u>See, e.g.</u>, <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. <u>See, e.g.</u>, <u>Stone v. Harry</u>, 364 F.3d 912, 914 (8th Cir. 2004).

**A.      Defendants Without Any Related Factual Allegations**

In this action, there are several individuals listed as Defendants in the Complaint's caption for which the Complaint makes no specific allegations. These include Jim Haney, Adam Krabbenhoft, Jim Backlund, Barbara Achilles, and Shannon Monroe. The Complaint is simply devoid of any factual allegation whatsoever related to any actions taken by any of these Defendants. Without specific allegations about these individuals, the Complaint is frivolous with respect to them. <u>See, e.g.</u>, <u>Radabaugh</u>, 2017 WL 8944024, at *4.

The Court therefore recommends the Complaint, [Docket No. 1], be **DISMISSED without prejudice** as to Defendants Haney, Krabbenhoft, Backlund, Achilles, and Monroe.

Likewise, the Complaint's claims against the "Clay County Commissioners," which the Court construes in Plaintiff's favor as referring to the persons on the Clay County Board of Commissioners. The Complaint contains no factual allegations whatsoever against the Board or any of its individual members. (<u>See</u>, Compl. [Docket No. 1]).[3] As a result, the Court finds that the

---

[3] The Court takes judicial notice of the fact that the members of the Clay County Board of Commissioners appear to be Kevin Campbell, David Ebinger, Frank Gross, Jenna Kahly, and Jenny Mongeau. <u>See</u>, Clay Cty., Board of Commissioners, <u>available at</u> https://claycountymn.gov/132/Board-of-Commissioners (last accessed Mar. 19, 2021). The Complaint does not mention any of these individuals specifically, nor does it contain factual allegations mentioning the Board generally.

Complaint is frivolous as to Defendant "Clay County Commissioners." See, e.g., Radabaugh, 2017 WL 8944024, at *4.

The Court therefore recommends the Complaint's claims against Defendant "Clay County Commissioners" be **DISMISSED without prejudice**.

### B.     Clay County Agencies

The Complaint's caption names as Defendants two agencies associated with Clay County: "Clay County Fraud Investigations," and "Clay County Social Services." (Compl., [Docket No. 1], at 1). Similarly, liberally construing the Complaint in Plaintiff's favor, the Complaint's allegations suggest that Plaintiff means to name the Clay County Public Defender's Office as a Defendant as well. For the reasons discussed herein, the Court concludes that the Complaint's claims against these agencies should be dismissed.

Under the Federal Rules of Civil Procedure, one's "capacity to sue or be sued" is determined "by the law of the state where the court is located"—here, Minnesota. Fed. R. Civ. P. 17(b)(3). Under Minnesota law, only counties themselves have the power to "sue and be sued"; their constituent agencies lack that power. See, Minn. Stat. § 373.01, subd. 1(a)(1); Campbell v. Hennepin Cty. Sheriffs, No. 19-cv-1348 (DWF/ECW), 2020 WL 589547, at *6 (D. Minn. Jan. 21, 2020), report and recommendation adopted, 2020 WL 586770 (D. Minn. Feb. 6, 2020); Calhoun v. Washington Cty. Cmty. Servs. Child Support Unit, No. 18-cv-1881 (ECT/HB), 2019 WL 2079834, at *3 (D. Minn. Apr. 23, 2019), report and recommendation adopted, 2019 WL 2075870 (D. Minn. May 10, 2019). The upshot is that "Clay County Fraud Investigations," "Clay County Social Services," and "Clay County Public Defender's Office" are not entities which can be subject to suit.

The Court therefore recommends the Complaint's claims against "Clay County Fraud Investigations," "Clay County Social Services," and the Clay County Public Defender's Office be **DISMISSED without prejudice**.

### C.   Moorhead Police Department

The Complaint also names as a Defendant the Moorhead Police Department. (See, Compl. [Docket No. 1]).

Much like those agencies that are simply parts of Clay County, the Moorhead Police Department is also "simply [a] department[] or subdivision[]" of the City of Moorhead, so the Moorhead Police Department is "not [a] juridical entit[y] suable as such." Ketchum v. City of W. Memphis, 974 F.2d 81, 82 (8th Cir. 1992); see, e.g., Harris v. Maplewood Police Dep't, No. 17-cv-392 (MJD/SER), 2019 WL 1409315, at *3 (D. Minn. Mar. 28, 2019) (citing Ketchum). The Moorhead Police Department is simply not an entity which can be subject to suit.

The Court therefore recommends that the Complaint's claims against the Moorhead Police Department be **DISMISSED without prejudice**.

### D.   Remaining Defendants

The individual Defendants who remain are "Mayor Johnathan Judd," Officer Secord, Officer Johnson, Brian Melton, and Kenneth Kludt. For each of these Defendants, Plaintiff fails to specify whether he is suing them in their individual capacities, their official capacities, or both.[4]

The United States Court of Appeals for the Eighth Circuit has established that when a complaint does not specifically indicate the capacity in which a plaintiff sues an individual defendant, a court should treat the complaint as bringing only official-capacity claims. See, e.g.,

---

[4] In the Complaint's caption, Plaintiff provides capacity-designating parentheticals for two named Defendants, Haney and Achilles. (See, Compl., [Docket No. 1], at 1). Plaintiff provides no such parentheticals (or other capacity discussion) for any of the other individual Defendants. As discussed above, the Complaint is frivolous as to both Haney and Achilles.

Baker v. Chisom, 501 F.3d 920, 923 (8th Cir. 2007) (citing cases); Spencer v. Brott, No. 17-cv-5035 (DSD/TNL), 2019 WL 6884775, at *4 (D. Minn. Nov. 21, 2019) (citing cases), report and recommendation adopted, 2019 WL 6874657 (D. Minn. Dec. 17, 2019). As a result, Plaintiff's Complaint here necessarily asserts § 1983 claims against the remaining individual defendants in only their official capacities.

Plaintiff raises claims against Defendants Judd, Secord, and Johnson in their official capacities as employees of the City of Moorhead, therefore, these claims "must be treated as [claims] against the" City of Moorhead itself. See, Brewington v. Keener, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that because the plaintiff "filed suit against [defendants] in their official capacities . . . it must be treated as a suit against the County") (citation omitted). Similarly, because Plaintiff asserts claims against Defendants Melton and Kludt in their official capacities as employees of Clay County, these claims must be treated as claims against Clay County itself. See, Id. Consequently, to properly plead an official-capacity claim against Defendants Judd, Secord, and Johnson, Plaintiff must properly plead a claim against the City of Moorhead. Likewise, to properly plead an official-capacity claim against Defendants Melton and Kludt, Plaintiff must properly plead an official-capacity claim against Clay County. See, Id.

To plead a § 1983 claim against a municipal entity, such as Clay County or the City of Moorhead, a plaintiff must plead factual allegations demonstrating the alleged unconstitutional conduct was taken pursuant to "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." Jackson v. Stair, 944 F.3d 704, 709 (8th Cir. 2019) (citing Corwin v. City of Independence, 829 F.3d 695, 699 (8th Cir. 2016)); see, e.g., Brewington v. Keener, 902 F.3d 796, 801–02 (8th Cir. 2018) (quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989)); Calhoun v. Washington Cty. Cmty. Servs. Child Support Unit, No. 18-

8

cv-1881 (ECT/HB), 2019 WL 2079834, at *4 (D. Minn. Apr. 23, 2019) (citing Bd. of Cty.

Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 404 (1997)), report and recommendation adopted,

2019 WL 2075870 (D. Minn. May 10, 2019).

Thus, to assert an official-capacity claim against Defendants Judd, Secord, and Johnson,

Plaintiff must plead factual allegations demonstrating individual, unconstitutional actions taken by

each Defendant in accordance with an official policy of the City of Moorhead, an unofficial custom

of the City of Moorhead, or as the result of a deliberately indifferent failure to train by the City of

Moorhead. To assert an official-capacity claim against Defendants Melton and Kludt, Plaintiff

must plead factual allegations demonstrating individual, unconstitutional actions taken by each

Defendant in accordance with an official policy of Clay County, an unofficial custom of Clay

County, or as the result of a deliberately indifferent failure to train by Clay County.

Plaintiff's Complaint contains no material allegations to support any of his official-capacity

claims. In the portion of his Complaint identifying the parties to this litigation, Plaintiff

conclusorily identifies Defendant Melton, "as the Chief County Attorney," who is "was

responsible for, and the chief architect of the policies, practices, customs and usages of the Office

of the County Attorney, in the County of Clay, of the defendant, City of Moorhead," and

"responsible for hiring, screening, training, retention, supervision, discipline, counseling and

control of the Assistant County Attorneys and other agents and employees of the County of Clay,

under his command." (Compl., [Docket No. 1], at 2). Plaintiff's Complaint does not, however,

contain any other assertions regarding Defendant Melton. (See, Id.). As to Defendant Kludt,

Plaintiff only generally asserts that, as Plaintiff's counsel in an underlying criminal case,

Defendant Kludt failed to raise certain motions challenging a "lack of probable cause." (Id. at 5–

6).

Plaintiff also alleges that in November 2019, he was "racially profiled and tailed a block and stopped by Officer Secord and Officer Johnson for no probable cause," and upon stopping, the officers "stated they smell[ed] an odor of marijuana, and question [him] about things that [were] unrelated to the traffic stop." (Id. at 5). Plaintiff also alleges that on February 19, 2020, he "was stopped again by Officer Johnson, on a routine stop" during which Plaintiff was "given a warning to slow down." (Id.).[5] Plaintiff also conclusorily alleges that he "spoke with Mayor Judd about the government harassment for filing a complaint in 2012 and retaliation." (Id.).

Plaintiff further asserts that he "was stopped a total of 7 times after filing a lawsuit in Clay County District court as a result of retaliation." (Id.). Plaintiff does not, however, provide any factual details regarding these seven traffic stops. (Id.).

Plaintiff's scant factual allegations are wholly insufficient to properly plead any "official municipal policy" claim or an "unofficial custom" claim against either the City of Moorhead or Clay County. See, gen., Brewington, 902 F.3d at 802. Plaintiff fails to even identify what alleged policy or custom exists which he maintains violated his constitutional rights. Although a custom may be demonstrated through a pattern of unconstitutional conduct, Plaintiff's factual allegations regarding twice being stopped by law enforcement are insufficient to demonstrate such a pattern of conduct. See, e.g., Brewington, 902 F.3d at 801–802 (collecting cases). Even assuming solely for the sake of argument that Plaintiff intended to plead that each of the seven traffic stops alluded to in his Complaint were unconstitutional, Plaintiff has failed to demonstrate a pattern of unconstitutional conduct "so pervasive and widespread so 'as to have the effect and force of law.'" Id. (quoting Andrews v. Fowler, 98 F.3d 1069, 1075 (8th Cir. 1996)); Pineda v. City of Houston,

---

[5] Plaintiff asserts this stop was "without probable cause." (Id.). This is mere a legal conclusion couched as a factual allegation, and therefore it may be disregarded by the Court. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

291 F.3d 325, 329 (5th Cir. 2002) (concluding that eleven incidents were insufficient to establish an unconstitutional pattern) (favorably cited by Brewington).

The same is true for Plaintiff's assertion that he once "spoke to Mayor Judd" about the allegation of harassment. This allegation involving a single incident is insufficient to demonstrate a policy or custom of unconstitutional conduct. See, e.g., Brewington, 902 F.3d at 802. Likewise, Plaintiff's factual allegations regarding Defendant Kludt's handling of Plaintiff's individual criminal defense at some point are insufficient to demonstrate a policy or custom of unconstitutional conduct.

Consequently, even accepting as true all of Plaintiff's factual allegations and drawing all reasonable inferences in his favor, Plaintiff's has failed to properly allege a § 1983 claim against either the City of Moorhead or Clay County, and therefore, Plaintiff has failed to properly plead an official-capacity claim against Defendants Judd, Secord, Johnson, Melton, or Kludt. The Court thus recommends that Plaintiff's § 1983 claims against Defendants Judd, Secord, Johnson, Melton, and Kludt in their official capacities, and therefore, the City of Moorhead and Clay County as well, be **DISMISSED without prejudice**.

### E.      Remaining State-Law Claims

Lastly, the Court considers Plaintiff's state-law claims: (1) Plaintiff's "malicious prosecution" claim against Defendant "Clay County Fraud Investigation," and (2) his "malpractice" claim against Defendant "Clay County Public Defender Office" and Defendant Kludt. (See, Compl., [Docket No. 1], at 4–5). This raises the question of whether this Court should continue to exercise supplemental jurisdiction over Plaintiff's state-law claims if the Court dismisses the federal claims.

Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Section 1367(c)(3) specifies, however, that a district court "may decline to exercise supplemental jurisdiction over a claim under [§ 1367(a)] if . . . the district court has dismissed all claims over which it has original jurisdiction."

The Eighth Circuit has discussed these provisions as follows:

> A federal district court has discretionary power to decline the exercise of supplemental jurisdiction where the court has dismissed all claims over which it has original jurisdiction. The factors a court should consider in determining whether to exercise jurisdiction over pendent state law claims are judicial economy, convenience, fairness, and comity. [I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.

Wilson v. Miller, 821 F.3d 963, 970–71 (8th Cir. 2016) (citations and internal quotation marks omitted; brackets and ellipses in original) (emphasis added). Here, the last sentence is dispositive of this issue in the present case.

Under this Court's recommendation, all of Plaintiff's federal-law claims will be "eliminated" well before trial. There is no indication that this case is "unusual" so as to support continuing to exercise supplemental jurisdiction over the remaining state-law claims.

The Court thus recommends declining to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims.

**F.    IFP Application**

Given this Court's recommendation that Plaintiff's entire action be dismissed without prejudice, the Court recommends denying the IFP Application as moot.

**III.    Conclusion**

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1.    Plaintiff's Complaint, [Docket No. 1], be **DISMISSED without prejudice in its entirety**; and

2.    Plaintiff's motion for leave to proceed in forma pauperis, [Docket No. 2], be **DENIED as moot**.

Dated: March 31, 2021                    s/Leo I. Brisbois
                                         Hon. Leo I. Brisbois
                                         United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).