**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| MANUEL SMITH, III, | Civil No. 20-2533 (JRT/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED** |
| CITY OF MOORHEAD et al. | |
| Defendants. | |

Manuel Smith, III, 3315 Seventeenth Street South, Apartment 102, Fargo, ND 58104, pro se.

On December 14, 2020, Plaintiff Manuel Smith filed a Complaint, asserting a 42 U.S.C. § 1983 claim against Clay County (the "County") and another against the City of Moorhead (the "City"), and state law claims of malicious prosecution and attorney malpractice. Smith has also applied to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. On March 31, 2021, the Magistrate Judge recommended that the Court dismiss the action without prejudice and deny Smith's IFP application as moot. Smith objects.

Because the Complaint fails to state plausible § 1983 claims or makes frivolous ones, and because the Court will decline to exercise supplemental jurisdiction over the state law claims, the Court will overrule Smith's Objection and adopt the Magistrate

Judge's Report and Recommendation ("R&R") as modified below. Accordingly, the Court will dismiss the action without prejudice and deny Smith's IFP application as moot.

## BACKGROUND

### I. FACTUAL BACKGROUND

Smith asserts claims involving two distinct set of facts. The first involves a charge brought by the County against Smith in late March 2019 for wrongfully obtaining public assistance. (Compl. ¶ 17, Dec. 14, 2020, Docket No. 1.) The charge arose from Smith allegedly not reporting employment income, presumably for a job that he held for a month starting in March 2017. (*Id.* ¶¶ 15–16.) At the arraignment, in early April 2019, Smith claims that he spoke with the County prosecutor through Kenneth Kludt, Smith's public defender, and agreed to a stay of adjudication in exchange for paying full restitution. (*Id.* ¶¶ 12, 18.) Smith states that, throughout 2019, his subsequent court dates were changed without explanation, which allegedly caused him to fail to appear five times and arrest warrants to issue. (*Id.* ¶ 19.) At some time, Smith was incarcerated for six days as a result of two warrants, allegedly because Kludt failed to contest the lack of probable cause for the arrest or file motions on Smith's behalf. (*Id.* ¶¶ 20, 32.)

The second set of facts involves seven incidents said to have occurred between 2012 and 2020 when Smith was pulled over by City police, allegedly because of racial profiling or to harass him in retaliation for filing a complaint. (*Id.* ¶¶ 26–29.) Two of these

incidents involved Officer Johnson,[1] (*id.* ¶¶ 26, 27), and one involved Officer Joseph Secord, (*id.* ¶¶ 10, 26.) Smith claims that he spoke to Johnathan Judd, the City's mayor, about the stops and about Judd's purported failure to properly supervise and discipline police officers. (*Id.* ¶ 28.)

## II. PROCEDURAL BACKGROUND

On December 14, 2020, Smith initiated this action and filed an application to proceed IFP in district court. (*See* Compl.; Appl. Proceed IFP Dist. Ct., Dec. 14, 2020, Docket No. 2.) The Complaint alleges four Counts: (I) a violation of the Fourteenth Amendment by the County brought pursuant to 42 U.S.C. § 1983; (II) malicious prosecution; (III) a violation of the Fourth and Fourteenth Amendments by the City brought pursuant to § 1983; and (IV) attorney malpractice. (Compl. ¶¶ 21–35.)

On March 31, 2021, the Magistrate Judge issued an R&R recommending that the Complaint be dismissed without prejudice and that Smith's IFP application be denied as moot. (R&R at 13, Mar. 31, 2021, Docket No. 9.) Smith objects.[2] (Obj., Apr. 12, 2021, Docket No. 10.)

---

[1] Smith does not provide a first name for Officer Johnson.
[2] Shortly after filing the Objection, Smith filed two Motions for Leave to File an Amended Complaint, (Mot. Amend, Apr. 19, 2021, Docket No. 11; Mot. Amend, Apr. 21, 2021, Docket No. 12), which the Magistrate Judge struck without prejudice, as he found that they had been filed in error given that the Court had not yet decided whether the Complaint should be dismissed. (Order at 3, Apr. 22, 2021, Docket No. 13.) Smith did not appeal this Order and thus the Court will not review it. *See* Fed. R. Civ. P. 72(a); *accord* D. Minn. L.R. 72.2(a)(1).

# DISCUSSION

## I. STANDARD OF REVIEW

Upon the filing of an R&R by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. L.R. 72.2(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. L.R. 72.2(b)(3).

## II. SECTION 1915

Under § 1915, federal courts may authorize a civil action to proceed without prepayment of fees if a person submits an affidavit indicating that he or she is unable to pay the fees. 28 U.S.C. § 1915(a)(1). However, if an action brought pursuant to § 1915 is frivolous or fails to state a claim on which relief may be granted, the Court shall dismiss the action, *id.* § 1915(e)(2), and may do so prior to service of process and without leave

---

Smith did, however, file a Notice of Appeal concerning the R&R, but an R&R is not appealable to the Eighth Circuit; instead, R&R objections are heard by district courts. *See* Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. L.R. 72.2(b)(3). Smith also filed an application to proceed IFP on appeal. (Appl. Proceed IFP Appeal, Apr. 29, 2021, Docket No. 15.) But, as there was no final judgment yet to appeal, this application was premature. Moreover, he did not sign or date it. As such, the Court will deny the Application to Proceed IFP on Appeal without prejudice, which will allow Smith an opportunity to refile a proper application at the appropriate time.

to amend, *see Neitzke v. Williams*, 490 U.S. 319, 329–30 (1989); *Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001).

A frivolous action lacks an arguable basis either in law or in fact, *Day v. Minnesota*, No. 19-496, 2019 WL 3371132, at *2 (D. Minn. July 26, 2019), *aff'd*, No. 19-3086, 2019 WL 8323425 (8th Cir. Dec. 4, 2019), as when no legal or factual basis whatsoever is pleaded against a defendant, *Radabaugh v. Corp. Tr. Co.*, No. 17-1559, 2017 WL 8944024, at *4 (D. Minn. May 22, 2017), *report and recommendation adopted*, No. 17-1559, 2017 WL 4023102 (D. Minn. Sept. 13, 2017). An action fails to state a claim on which relief may be granted when the plaintiff fails to plead sufficient factual content to allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). While the Court accepts a complaint's factual allegations as true, and in the light most favorable to the plaintiff, it is "not bound to accept as true a legal conclusion couched as a factual allegation," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), or mere "labels and conclusions or a formulaic recitation of the elements of a cause of action," *Iqbal,* 556 U.S. at 678 (quotation omitted).

III. ANALYSIS

A. **Whether the Complaint Is Frivolous**

The Complaint names certain Defendants—Barbara Achilles, Jim Backlund, Jim Haney, Adam Krabbenhoft, and the County Board of Commissioners (the "Board")—but pleads no legal or factual basis whatsoever against them. As such, the Complaint is

frivolous in regard to these Defendants and the Court will therefore dismiss the action without prejudice with respect to Achilles, Backlund, Haney, Krabbenhoft, and the Board.[3]

B. **Whether the Complaint States Plausible Federal Claims (Counts I and III)**

As a preliminary matter, the Court notes that, under Minnesota law, only the County and City, not their respective agencies, can be properly named as defendants. Minn. Stat. § 373.01, subd. 1(a)(1); *id.* § 412.211; *see also* Fed. R. Civ. P. 17(b)(3). However, when liberally construing the Complaint, the Court understands Smith to be asserting claims against the County and the City, not the County's Social Services Department or its Fraud Unit, or the City's Police Department.

1. **Count I**

Smith asserts a § 1983 claim against the County, alleging what the Court understands to be a violation of the Fourteenth Amendment during the investigation into whether Smith had failed to report income. But the Complaint stops there, nothing more is said, which is insufficient for the Court to reasonably infer that the County deprived Smith of a constitutional right. "Though pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364

---

[3] The Magistrate Judge also recommended dismissal of the action with respect to Shannon Monroe. However, when liberally construing the Complaint, the Court finds that Count III may provide a shadow of a legal basis with respect to Monroe, as chief of the City's police. As such, the Court will adopt this portion of the R&R as modified.

F.3d 912, 914 (8th Cir. 2004) (cleaned up). Accordingly, the Court will dismiss Count I without prejudice.[4]

### 2. Count III

Smith asserts a § 1983 claim against the City and certain named Defendants, alleging what the Court understands to be violations of the Fourth and Fourteenth Amendments in relation to the traffic stops effectuated by City police. There is some confusion, however, whether Smith is asserting claims against Johnson, Judd, Monroe, and Secord in both their official and individual capacities. The Magistrate Judge understood Smith to assert only official capacity claims, but the Court finds that the Complaint's caption suggests that Smith intended to assert claims against these Defendants in both capacities, especially as he only requests monetary damages. *Cf. Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997) ("[Section] 1983 damage claims against . . . individual defendants acting in their official capacities are [] barred, either by the Eleventh Amendment or because in these capacities they are not 'persons' for § 1983 purposes."). As such, the Court will analyze the plausibility of Smith's claims under both theories of liability.

---

[4] The Court notes that the Complaint mentions the Chief County Attorney, Brian Melton, as a party, but makes no mention of him beyond that. As such, to the extent the Complaint could be construed to state a claim against him in his official capacity, the Court will also dismiss Count I without prejudice with respect to Melton.

### a. Claim Against the City and Official Capacity Claims

With respect to claims made against Johnson, Judd, Monroe, and Secord in their official capacities, these are treated as allegations against the City for municipal liability, and therefore they are all analyzed as one. *See Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018). Municipal liability for a constitutional violation arises only if the violation resulted from an official municipal policy, an unofficial custom, or a deliberately indifferent failure to train or supervise an official or employee. *Bolderson v. City of Wentzville*, 840 F.3d 982, 985 (8th Cir. 2016). Here, the Complaint's barebones allegations do not give rise to a reasonable inference that the City employed an official policy, an unofficial custom, or was deliberately indifferent with respect to training and supervising officers in relation to traffic stops. As such, the Court will deny Count III without prejudice with respect to the City and Johnson, Judd, Monroe, and Secord in their official capacities.

### b. Individual Capacity Claims

To establish individual liability in a § 1983 action, "the plaintiff must show that the official, acting under color of state law, caused a deprivation of a federal right." *Handt v. Lynch*, 681 F.3d 939, 943 (8th Cir. 2012) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). With respect to Johnson and Secord, Smith presents conclusory allegations that the officers lacked probable cause, which are insufficient to state a plausible claim to relief. Moreover, traffic stops can be made based on reasonable suspicion as well. *United States v. Chartier*, 772 F.3d 539, 543 (8th Cir. 2014). With respect to Judd, there is no

indication that he was involved in the traffic stops, and the conversation between himself and Smith about the stops does not demonstrate a deprivation of a constitutional right. With respect to Monroe, nothing is said.

In sum, the Court cannot reasonably infer that any of the named Defendants are personally liable. Accordingly, the Court will dismiss Count III without prejudice with respect to Johnson, Judd, Monroe, and Secord in their individual capacities.[5]

### C. State Law Claims (Counts II and IV)

If a federal district court has dismissed all the federal claims over which the court has original jurisdiction, as is the case here, then the court may decline to exercise supplemental jurisdiction over the pendent state law claims. *See* 28 U.S.C. § 1367(c). "[T]he normal practice is to dismiss pendent claims without prejudice, thus leaving plaintiffs free to pursue their state-law claims in the state courts, if they wish." *Marianist Province of the United States v. City of Kirkwood*, 944 F.3d 996, 1003 (8th Cir. 2019) (quotation omitted). The Court will follow normal practice in regard to Smith's state law claims of malicious prosecution and attorney malpractice and, accordingly, the Court will dismiss Counts II and IV without prejudice.

**CONCLUSION**

---

[5] Because the Court considered both official and individual capacity claims with respect to Count III, the Court will adopt this portion of the R&R as modified.

Having found that the Complaint either asserts frivolous claims or fails to state plausible claims to relief, and because the Court declines to exercise supplemental jurisdiction over the state law claims, the Court will dismiss the action without prejudice and without leave to amend.[6] The Court clarifies, however, that dismissing an action "without prejudice" means that Smith's claims can be reasserted again, perhaps at a time when he is able to plead sufficient factual allegations to support them.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEARBY ORDERED** that:

1. Smith's Objection to the Report and Recommendation [Docket No. 10] is **OVERRULED**;

2. The Magistrate Judge's March 31, 2021 Report and Recommendation [Docket No. 9] is **ADOPTED as modified**;

3. The action is **DISMISSED without prejudice;**

4. Smith's Application to Proceed IFP in District Court [Docket No. 2] is **DENIED as moot**; and

5. Smith's Application to Proceed IFP on Appeal [Docket No. 15] is **DENIED without prejudice.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

---

[6] The Court notes that Smith's proposed amendments, which were stricken by the Magistrate Judge in an order not appealed here, would have likely only added more conclusory allegations, not factual support.

DATED:  June 2, 2021						_____
at Minneapolis, Minnesota.					    JOHN R. TUNHEIM
								         Chief Judge
								United States District Court